UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br>JENNIFER NOEL SAMPIERI,<br><br>Defendant. | Case No. 2:10-cr-00125-PMP-LRL<br><br>ORDER |

The matter before the Court is to clarify the order of restitution previously entered as part of the Judgment in a Criminal Case ("Judgment") (ECF No. 18), sentencing held on July 6, 2010. Upon further review of the restitution order in this matter, the restitution should have been made payable to the Federal Deposit Insurance Corporation ("FDIC") and not JP Morgan Chase ("JPMC"). Accordingly, this order directs payment of restitution to be made to FDIC and not JPMC, and any payment already made to be returned to FDIC.

Defendant Jennifer Noel Sampieri was found guilty of bank fraud committed against Washington Mutual Bank ("WMB") during her employment with WMB as an Assistant Manager between approximately June 12, 2006, and September 15, 2008. (ECF No. 4 at 1; ECF No. 7 at 8; ECF No. 18 at 1.) Defendant obtained at least $863,479.87 in WMB's assets and was ordered to pay restitution in that amount. (ECF No. 7 at 8; ECF No. 18 at 5.)

The Judgment directed restitution payment to be made to JPMC when the payee should have been FDIC based on a Purchase and Assumption Agreement ("the Agreement").[1] The Agreement governs the terms of JPMC's purchase of the assets of

---
[1] The Court takes judicial notice of the Agreement as it is available on the FDIC's website at https://www.fdic.gov/about/freedom/washington_mutual_p_and_a.pdf. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (explaining that a court may take judicial notice of a government agency's records *(fn. cont…)*

WMB from FDIC upon its closing of WMB, which occurred on September 25, 2008.[2] As relevant here, Schedule 3.5 of the Agreement provides that any claim or judgment against WMB's employees or former employees arising on or before WMB's closing is not part of the assets transferred to JPMC under the Agreement. (*See* Agreement at 37 (Schedule 3.5(2).) Under the Agreement, the restitution from Defendant should be directed to FDIC.

It is ordered that Defendant shall make restitution to the payee listed below:

Name of Payee: FDIC

Amount of Restitution: $863,479.87

Total Amount of Restitution ordered: $863,479.87

DATED THIS 5th day of September 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

and other undisputed matters of public record under Fed. R. Evid. 201); *Eagle SPE NV 1, Inc. v. S. Highlands Dev. Corp.*, 36 F. Supp. 3d 981, 986 n.6 (D. Nev. 2014) (taking judicial notice of document on the FDIC's website).

[2]The effective date of the Agreement is September 25, 2008. (*See* Agreement at 1.)